IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| ALLEN WAYNE MORRISON; | ) | |
| BARBARA WATFORD MORRISON | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | CASE NO. 2:16-cv-845-TFM |
| | ) | [wo] |
| TIDEWATEREQUIPMENT CO., INC., | ) | |
| | ) | |
| Defendant. | ) | |

## **MEMORANDUM OPINION AND ORDER**

This action is assigned to the undersigned magistrate judge to conduct all proceedings and order entry of judgment by consent of all the parties (Docs. 11-12, filed 11/15/16) and 28 U.S.C. § 636(c). Pending before the Court is the Plaintiffs' *Motion to Remand* (Doc. 2, filed 10/27/2016). The motion has been fully briefed and is ripe for review. Having considered the motion and relevant law, the Court finds the Motion to Remand is due to be **DENIED.**

### I.   FACTS AND PROCEDURAL HISTORY

Plaintiffs Allen Wayne Morrison and Barbara Watford Morrison, ("the Morrisons") filed a complaint in Crenshaw County, Alabama Circuit Court on April 27, 2016. (Doc. 1, Atch. 1, Complaint.) The suit alleges that Defendant is liable to the Morrison's for damages resulting from an automobile collision where Defendant's employee operated its tractor-trailer truck in a negligent and wanton manner thereby causing the collision with Plaintiffs' tractor-trailer. Defendants filed a Notice of Removal in this court based on an assertion of diversity jurisdiction. (*See* Doc. 1, generally). Defendant states in its Notice of Removal that the case is properly removed under 28 U.S.C. §1441 and 1446(b)(3) because the United States District Court has original jurisdiction over this case under 28 U.S.C. §1332.

Specifically, Defendant asserts diversity jurisdiction exists in this case because the amount in controversy exceeds the $75,000 jurisdictional threshold and complete diversity of citizenship exists among the parties. Plaintiffs have filed a Motion to Remand. (Doc. 2). In the Motion to Remand, Plaintiffs assert that removal is untimely because Defendant knew or should have known that the amount in controversy exceeded $75,000.00 as of August 22, 2016, the date Plaintiffs' discovery responses were served on Defendant. Plaintiffs argue that those discovery responses demonstrated their out of pocket loss totaled $72,100.00. Plaintiffs argue since that economic damages calculation did not include compensatory damages for Plaintiffs' loss of consortium or mental and emotional distress claims, nor did it include any punitive damages amounts, Defendants should have known on that date that the jurisdictional amount was met. Thus, Plaintiff asks this Court to conclude the following: (1) the case became removable as of August 22, 2016; (2) Defendant's October 25, 2016 Notice of Removal was untimely; (3) the case is due to be remanded to state court.

Defendant responded to the Motion to Remand arguing that the August 22, 2016 interrogatory responses do not meet the standard under §1446(b)(3) which requires that the case be removed to federal court "within 30 days after receipt by the defendant" of "other paper from which it may be first ascertained that the case is one which is or has become removable." Specifically, Defendant argues that the August 22, 2016 interrogatory responses miscalculated the amount of damages and that the date when it could first ascertain the jurisdictional amount was met was October 21, 2016 at Ms. Morrison's deposition when Exhibit 18 was produced. Defendant argues that Ms. Morrison's testimony and Exhibit 18 clearly demonstrated that Plaintiffs sought at least $113,997.10 in damages from Tidewater. The damages consist of lost wages or loss of use

of the trailer; loss in value of the trailer at $17,000; and loss of the use of their truck. (Doc. 13, exh. 3 p. 141, line 17 through p. 143, line 21).

## II. STANDARD OF REVIEW

Federal courts have a strict duty to exercise jurisdiction conferred on them by Congress. *Quackenbush v. Allstate Ins. Co*., 517 U.S. 706, 716, 116 S. Ct. 1712, 1720, 135 L.Ed.2d 1 (1996). However, federal courts are courts of limited jurisdiction and possess only that power authorized by Constitution and statute. *Kokkonen v. Guardian Life Ins. Co. of Am*., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L.Ed.2d 391 (1994); *Burns v. Windsor Insurance Co.,* 31 F.3d 1092, 1095 (1994). Defendant, as the party removing this action, has the burden of establishing federal jurisdiction. *See Leonard v. Enterprise Rent a Car,* 279 F.3d 967, 972 (11th Cir. 2002) (citing *Williams v. Best Buy Co.*, 269 F.3d 1316, 1318 (11th Cir. 2001)). Further, the federal removal statutes must be construed narrowly and doubts about removal must be resolved in favor of remand. *Allen v. Christenberry*, 327 F.3d 1290, 1293 (11th Cir. 2003) (citing *Diaz v. Sheppard*, 85 F.3d 1502, 1505 (11th Cir. 1996)); *Burns,* 31 F.3d at 1095 (citations omitted).

Since this lawsuit began in state court, the court's jurisdiction depends on the propriety of removal. Diversity jurisdiction exists where there is diversity of citizenship and the amount in controversy exceeds $ 75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Section 1446(b) then answers the question of when an action is removable, setting forth the preconditions for removal in two types of cases: (1) those removable on the basis of an initial pleading; and (2) those that later become removable on the basis of "a copy of an amended pleading, motion, order or other paper." This case was removed to this court on the basis of the second prong of the removal statute. Thus, under §1446(b)(3) this action must have been removed "within 30 days after receipt

by the defendant" of "other paper from which it may be first ascertained that the case is one which is or has become removable."

### III. DISCUSSION AND ANALYSIS

The ultimate issue before this Court is whether Defendant's Notice of Removal was timely filed in this Court. Indeed, the law requires that a case based on diversity jurisdiction be removed within 30 days from receipt of a document by Defendant which "unambiguously establish[es] federal jurisdiction". *Lowery v. Alabama Power Co.,* 483 F. 3d 1184, 1213 (11th Cir. 2007). There is no question in this action about the diversity of the parties. Rather, precise the issue before the Court is when this case first became removable to federal court. Specifically, the Court must determine when the documents received by Defendant "unambiguously establish[ed]", *id*., that the amount in controversy exceeded $75,000.

Plaintiffs argue that its August 22, 2016 responses to interrogatories established the jurisdictional amount and that Defendant's failure to remove within 30 days from August 22, 2016 mandates this Court grant their Motion to Remand. Defendant, on the other hand, argues that these responses were unclear as to the amount of damages claimed. Thus, it sought further information as to Plaintiffs' damages from Ms. Morrison at her deposition on October 21, 2016. Defendants further argue that her deposition testimony and Exhibit 18 to this deposition unambiguously established for the first time that the damages sought exceeded the jurisdictional minimum. Indeed, Ms. Morrison testified as of October 21, 2016 the lost wages Plaintiffs claimed totaled $113,997.10. (Doc. 13, exh. 3 p. 141, line 17 through p. 143, line 21). Thus, Defendant claims the removal is timely and Plaintiffs' Motion to Remand should be denied.

In their interrogatory responses, Plaintiffs state that as a result of the accident which disabled their trailer, their lost wages as of July 7, 2016 totaled $35,400.00. They arrived at this

figure by computing 4 loads a day at $600.00 a load and stated that "[t]his amount continues to increase daily." (Doc. 13, exh. 2). Plaintiffs, however, failed to state the number of working days they used to compute the $35,400.00 total in this interrogatory. The collision occurred on March 15, 2016; thus, there were 81 working days between March 15 and July 7. Plaintiffs further argue that computing work week days from July 7, 2016 until August 22, 2016, added another $19,200.00 in lost wages. Thus, they argue Defendants "should have known" as of August 22, 2016 that the jurisdictional amount was met, since the economic loss alone totaled $72,100.00.

Defendant argues that Plaintiffs' computation of lost wages is confusing and does not rise to the standard of unambiguously establishing the jurisdictional minimum for removal. The court agrees. Indeed, using Plaintiffs' computation for lost wages of $600.00 a load 4 times daily or $2400.00 a day for 81 days, the Court concludes that Plaintiffs' formula for lost wages does not match up with the sum stated by Plaintiffs of $35,400.00 in this same interrogatory response. Rather, multiplying $2400.00 by 81 equals $194,400.00, a sum much greater than Plaintiffs stated. Thus, the Court concludes that as of August 22, 2016, the amount of lost wages was at best open to speculation and at worst unclear and miscalculated. The Eleventh Circuit has stated that if the evidence in the notice of removal "is insufficient to establish that removal is proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings." *Lowery,* 483 F. 3d at 1241-1215 (11th Cir. 2007). Thus, the Court concludes that the lost wage part of the damage calculation as of August 22, 2016 was insufficient to establish the jurisdictional minimum. Further, the Court recognizes that Plaintiffs admit the economic damages as calculated by them in the amount of $72,100.00, alone do not meet the $75,000.00 jurisdictional minimum.

Next, Plaintiffs argue Defendant should have known, based on the damages for economic

loss combined with their claims for loss of consortium and mental and emotional distress as well as punitive damages, that the jurisdictional minimum was met as of August 22, 2016.  The bare-bones Complaint states as follows:

> (5)  On or about March 15, 2016 in Crenshaw County, Alabama, Defendant Tidewater (by and through its employee) operated it tractor-trailer truck on county Road 6 in a negligent and/or wanton fashion causing said tractor-trailer to collide with Plaintiffs' tractor-trailer truck. Said negligence or wantonness directly and proximately caused Plaintiffs to lose the use of their tractor-trailer and suffer economic damages, which continues, and also caused the Plaintiff's tractor to diminish in value.  Plaintiffs have also been caused to suffer a loss in consortium and to suffer mentally and emotionally because of stress from loss of income as a result of Defendant's conduct.  (Doc. 1, Atch 1, Complaint).

Although the Complaint provides very few facts and no statement of damages, the Complaint makes clear that Plaintiffs allege Defendant is liable to them for property damages resulting from Defendant's employee's conduct in operating a tractor-trailer truck owed by it.

The Eleventh Circuit has held that removal jurisdiction may be determined from the complaint if it is "facially apparent" from the complaint that the amount exceeds the jurisdictional minimum. *Williams v. Best Buy Inc.,* 269 F.3d. 1316, 1319 (11th Cir. 2001).  In the instant action, the facts as plead in the Complaint leave open the question whether punitive damages would be available to Plaintiffs.  *See* Ala. Code § 6-11-20 (1975); *Abston v. Kelley Brothers Contactors, Inc.,* 990 F. Supp. 1392 (S.D Ala. 1998) (Granting employer's motion for judgment as a matter of law and holding that Alabama law prohibits imposition of punitive damages against employer under respondeat superior for driver's wanton conduct in causing accident.)  Further, there are no facts from which the Court may infer that Defendant's conduct rises to the level of wantonness. *See Jinright v. Werener Enterprises,* 607 F.Supp.2d 1274, 1276 (M.D. Ala. 2009) (Under Alabama law "negligence and wantonness . . . are qualitatively different tort concepts of actionable culpability.")  Indeed, section 6-11-20-(b)(3) defines wantonness as "[c]onduct which is carried on with a reckless or conscious disregard of the rights or safety of others." Ala. Code (1975). Thus,

the Court concludes it is not "facially apparent" from the Complaint that the amount in controversy requirement has been met.  Additionally, the Court concludes that the Complaint and the August 22, 2016 interrogatories, even considered together, do not unambiguously establish the amount in controversy was met.  Finally, the Court concludes that Ms. Morrison's October 21, 2016 deposition testimony, where she stated that the total amount of lost wages as of that date was $113,997.10, unambiguously established for the first time that the jurisdictional amount in this case was met for removal purposes.  (Doc. 13, exh. 3 p. 141, line 17 through p. 143, line 21).

## IV. CONCLUSION

Pursuant to the foregoing Memorandum Opinion, the Court concludes that Plaintiffs' Motion to Remand (Doc.2) is due to be denied.  Accordingly, it is

ORDERED that the Motion to Remand (Doc. 2) be and hereby is DENIED.

DONE this 13th day of January, 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE